MURRAY, J.,
concurring with reasons.
Although I agree with the result reached in this case, I write separately to articulate the reason why our holding in Flood v. Pendleton Mem’l Methodist Hosp., 2002-0440 (La.App. 4 Cir. 7/17/02), 823 So.2d 1002, writ denied, 2002-2206 (La.11/8/02), 828 So.2d 1121, is dispositive of the gross negligence claim.
In Flood, the plaintiff-patient asserted a gross negligence claim against a private health care provider in an apparent attempt to circumvent the requirements of the private medical malpractice act. Recognizing that the Private Act differed from the State Act in that it lacked a gross negligence exclusion, the plaintiff asserted this difference rendered the Private Act unconstitutional. Rejecting that constitutional claim and finding the plaintiffs gross negligence claim covered by the Private Act, we reasoned that the State Act’s exclusion for gross negligence is a very narrow one. We stressed that it covers only “health care providers who are not otherwise qualified under the State Medical Malpractice Act, but who gratuitously treat patients either eligible for State treatment or who are referred from a State facility.” Flood, 2002-0440, p. 15, 823 So.2d at 1013 (citing La. R.S. 40:1299.39(A)(l)(a)(iv)(aa) and (cc)). We further reasoned that the Private Act only applies to qualified health care providers who contribute to the Patients’ Compensa *1001 tion Fund. For that reason, we concluded that “the Private Act would not apply to non-qualified health providers who gratuitously treat patients.” Id. We further concluded that “the gross negligence exception is not needed in the Private Act and that the Private Act is constitutional as written.” Id.
For these same reasons, I agree that the constitutional claim Ms. Wesco asserts is unpersuasive. The allegations of gross negligence asserted in her petition, to the extent those allegations otherwise qualify as “medical malpractice,” are not excluded from the Private Act merely because she labeled them gross negligence.
For these reasons, I respectfully concur.